AO 91 (Rev. 12/93) Criminal Complaint

**REDACTED**

# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

WILLIAM VANOVER,
Defendant

Criminal Complaint

CASE NUMBER: 07-182M

**REDACTED**

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 2, 2007 and August 14, 2007 in the District of Delaware, Defendant WILLIAM VANOVER did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about February 28, 2005 of a crime punishable by imprisonment for a term exceeding one year,

in violation of Title _____18_____ United States Code, Section(s) __922(g)(1) and 924(a)(2).__

I further state that I am a(n) Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosive and that this complaint is based
Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Jason Kusheba
Special Agent, ATF

Sworn to before me and subscribed in my presence,

September 20, 2007                         at Wilmington, DE
Date                                        City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer              Signature of Judicial Officer

FILED
SEP 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. The seizure of all the below stated evidence occurred on August 2, 2007 and August 14, 2007, in the Town of Elsmere, State and District of Delaware. I am the case agent responsible for the investigation in aid of which the application is being made. This affidavit is based on your affiant's personal knowledge and observations as well as information provided to me by other law enforcement officers.

3. On or about 08/02/2007, your affiant received information from a past-proven, reliable, confidential informant (C/I) that WILLIAM VANOVER was selling a .38-caliber firearm for $250. The CI agreed to introduce an undercover (U/C) law enforcement officer to purchase this firearm from VANOVER. The CI also stated that VANOVER is involved in the acquisition and sale of stolen merchandise and is currently in possession of two stolen motorcycles.

4. On or about the same date, at approximately 1645 hours, the CI contacted VANOVER via Nextel direct connect and arranged for the purchase of the firearm. VANOVER agreed to meet the CI and the U/C at his residence at approximately 1700 hours. Through queries of the Delaware Justice Information System (DELJIS) and through officer/agent surveillance, VANOVER'S residence has been identified as _____ Wilmington, DE. The CI informed investigators that VANOVER was coming from work and is known to drive a box style truck as part of his job

5. On or about the same date, at approximately 1700 hours, the U/C and the C/I drove to VANOVER'S residence and parked across the street to wait for his arrival. At approximately 1708 hours, VANOVER arrived in a white box-style truck and parked in front of his residence of _____ Elsmere, DE. Upon his arrival, VANOVER exited the truck and entered his residence empty handed. Approximately one minute later, VANOVER exited his residence carrying a pair of sneakers in which he was concealing a firearm. VANOVER then entered the rear passenger seat of the U/C vehicle and completed the transaction. VANOVER then exited the U/C vehicle, entered the box-truck and departed the area.

6. Following the transaction, your affiant debriefed the UC and took custody of the firearm that the U/C had purchased. At that time, the U/C informed your affiant that, upon entering the U/C vehicle, VANOVER took a loaded revolver out of one of the sneakers that he retrieved from his residence and handed it to the U/C. The U/C then handed VANOVER $200 to purchase the revolver. VANOVER told the U/C that he could get him anything that he needs in terms of firearms. VANOVER specifically stated that he also had a 9mm pistol and an AK-47 for sale. The firearm purchased by the U/C was identified to be a Rossi, model 68, .38-caliber revolver, serial number 19798, which was loaded with five (5) .38-caliber rounds of ammunition.

7. On or about 08/13/2007, your affiant received information from the CI that VANOVER had two 9mm pistols to sell for $400 each. On or about 08/14/2007, S/A Kusheba received updated information from the CI regarding the firearms that VANOVER has for sale. The CI stated that VANOVER had a .44-caliber revolver priced at $400 and a Tec-9 pistol priced at $800.

8. On or about the same date, at approximately 1918 hours, the CI contacted VANOVER via Nextel direct connect, and he agreed to meet at or near his residence to sell one of the firearms to the U/C.

9. At approximately 1924 hours, VANOVER stated that he would be at his residence in a few minutes, and that he was walking back to his residence from a park near his house. At approximately 1930 hours, surveillance units spotted VANOVER at a park in an area behind his residence with an unknown make and an unknown female. At approximately 1945, the UC and the CI parked near VANOVER'S residence and waited for his arrival. At or near the same time, VANOVER was spotted by surveillance units at his residence

10. At approximately 1955, VANOVER made contact with the CI and stated that he wanted to meet in an alley across from his residence. At approximately 1959, VANOVER was observed exiting the front door of his residence at Surveillance officers then saw VANOVER walk toward the area where the UC was parked. Officers then observed VANOVER enter the rear passenger seat of the UC vehicle. VANOVER then requested that they drive to an area away from his residence. The UC drove to a dead end in the area of Baltimore Ave. and South DuPont Road, Elsmere, DE where VANOVER sold the U/C a .44-caliber Smith and Wesson revolver. Following the transaction, at approximately 2010, the UC dropped VANOVER off back at his residence at

11. Following the transaction, your affiant debriefed the U/C and took custody of the firearm that the U/C had purchased. The UC stated that when walking toward his vehicle, VANOVER removed the aforementioned firearm from the front pocket of his shorts and entered the vehicle. The UC stated that they then drove to another area to complete the transaction. The U/C stated that he paid VANOVER $500 in cash to purchase the revolver. VANOVER told the U/C that he could get him anything that he needed in terms of firearms. VANOVER specifically stated that he could get a

bag of firearms, and that the U/C could pick which ones he wanted. The U/C agreed to call VANOVER the following day to arrange for additional transactions. The firearm purchased by the U/C was identified to be a Smith and Wesson, model 29-3; .44-caliber revolver; serial number BBC8498.

12. On or about 08/22/2007, the U/C contacted VANOVER by telephone to arrange for the purchase of additional firearms. At that time, VANOVER stated that he had been working down in Baltimore and that the he won't be around to discuss business until the weekend. The CI has been unable to arrange for any additional meetings with VANOVER.

13. A review of VANOVER'S criminal history in the DELJIS indicates that he is a convicted felon, having been found guilty of Receiving Stolen Property (Over $1000), on or about 02/28/2005, in the New Castle County Superior Court for the State of Delaware.

14. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearms were manufactured in a state other than Delaware. As such, their possession in Delaware would have necessarily required that the firearms had crossed state lines prior to their possession in Delaware, and thus the possession of those firearms in Delaware have affected interstate commerce.

15. Based upon your affiant's training and experience your affiant submits that there is probable cause to believe that the above-mentioned seized firearms contained the frame and receiver of a firearm, and that the firearms appear to be capable of expelling a projectile by action of an explosive.

16. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint and arrest warrant charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
~~This 18th day of August, 2007~~  20th of September 2007

_____
Honorable Leonard Stark
United States Magistrate Judge
District of Delaware